[No. 33008. Department One. March 10, 1955.]

*In the Matter of the Estate of* JAMES A. CAMPBELL,
*Deceased.*

JOHN W. DAY, *as Executor, Appellant,* v. LURLINE TATE
MAGUIRE, *Respondent.*[1]

[1]Reported in 280 P. (2d) 686.

*Barker & Day* and *E. P. Whiting*, for appellant.

*Lenihan & Ivers*, for respondent.

OTT, J.—This appeal is from an order of clarification entered by a probate court.

James A. Campbell died in Seattle July 28, 1953. July 30, 1953, two days after his death, a nonintervention will dated October 31, 1951, purporting to be the last will of the decedent, was presented to Judge Lloyd Shorett, proved, and admitted to probate, and John W. Day, named therein as executor, was appointed and qualified.

July 31, 1953, one day after the above will had been admitted to probate, another nonintervention will dated January 15, 1953, purporting to be the last will of the decedent, was presented to Judge Donald A. McDonald, proved, and admitted to probate, and Lurline Tate Maguire, named therein as executrix, was appointed and qualified.

The proceedings with reference to the second will were filed with the county clerk in cause No. 129575, being the identical file which contained the will dated October 31, 1951, and the orders pertaining to it. No notice was given of the presentation of either will.

August 5, 1953, Lurline Tate Maguire caused to be served upon John W. Day a petition for the revocation of his letters testamentary. A hearing was had upon the petition before Judge McDonald, and the petition was denied October 20, 1953. No reason was given by the court for denying the petition.

March 29, 1954, Lurline Tate Maguire filed another petition, setting forth the confusion the apparent dual control of the executors under the two wills had presented, and alleging that she was the executrix under the last will and testament of the decedent, which will specifically revoked

all prior wills. The prayer of the petition asked for clarification and proper instructions.

April 20, 1954, a hearing was had before Judge Harold Seering. The matter was taken under advisement and a written memorandum opinion filed. May 11, 1954, Judge Seering signed an order overruling the demurrer and denying the motion to strike, revoking the letters testamentary of John W. Day, and establishing the will of January 15, 1953, as the last will and testament of the decedent.

The executor John W. Day has appealed to this court from the order of clarification, alleging (1) that the order entered by Judge Seering was an illegal order for the reason that it decided the petition upon its merits, when the only issue before the court was a motion to strike and a demurrer; (2) that the appellant had no opportunity to be heard upon the merits, and (3) that the matter as to the revocation of the letters testamentary of John W. Day was *res judicata* for the reason that the order of Judge McDonald, entered October 20, 1953, had not been appealed from and the time for appeal had expired.

Respondent has moved to dismiss the appeal for the reason that John W. Day is an executor and has no appealable interest, and, in the alternative, contends that, in the event the appeal is not dismissed, the trial court should be affirmed for the following reasons: (1) that the law does not require any notice of presentation of a will; (2) that, when the court found the will dated January 15, 1953, to be the last will and testament of the decedent, the order admitting that will to probate automatically nullified any previous order concerning the probate of any prior will, and (3) that the superior court has inherent power to make any order in a probate proceeding consistent with the law.

The probate code provides substantially as follows:

RCW 11.20.020 [cf. Rem. Rev. Stat., § 1380]: When a will is presented, the court may immediately hear proof and admit it to probate. Such order shall be conclusive as against all the world, except in the event of a contest of the will.

.RCW 11.16.020 [*cf*. Rem. Rev. Stat., § 1589]: Courts shall have full and ample power and authority to administer and settle all estates. When, under any circumstances, the law is inapplicable or insufficient or doubtful, the court shall nevertheless have full power and authority to proceed. in any manner which to the court seems right and proper.

RCW 11.12.230 [*cf*. Rem. Rev. Stat., §1415]: All courts concerned in the execution of last wills shall have due regard to the direction of the will and the true intent and meaning of the testator.

The following legal principles have been well established by this court:

■ (1) To give effect to a testator's will, the document must first be admitted, and, where the testator has made more than one will, the last will is the one which must be given effect as the final expression of the testator's wishes.

■ (2) The offer of the later will does not constitute a contest of a prior will, within the meaning of our probate code.

■ (3) A court of probate has inherent authority at any time, while an estate is still open, to admit to probate a later will than that being probated.

■ (4) A former will may meet all the formal and statutory requirements necessary to make it a valid will when executed, but yet may cease to have *any operative effect* simply because it has been supplanted by a later will.

■ (5) So long as the court retains its control over the assets of an estate, it may vacate an earlier order rendered *ex parte*, if the necessities of the case demand that previous orders be vacated or revised in order to effect justice.

See *In re Elliott's Estate*, 22 Wn. (2d) 334, 156 P. (2d) 427, 157 A. L. R. 1335 (1945), and cases cited; *In re Witte's Estate*, 25 Wn. (2d) 487, 495, 171 P. (2d) 183 (1946); *In re Gherra's Estate*, 44 Wn. (2d) 277, 284, 267 P. (2d) 91 (1954).

We must first determine the legal effect of the order of July 31, 1953, admitting to probate the purported last will and testament of the decedent. To determine the effect of the order, we must ascertain what the testator intended the

will to accomplish. In this respect, the will is plain and unambiguous. On January 15, 1953, James A. Campbell declared: "I . . . do hereby make and declare this, my Last Will and Testament, and do hereby revoke any and all testamentary dispositions heretofore by me made." He further declared in that document: "I hereby nominate and appoint LURLINE TATE MAGUIRE Executrix of this, my Last Will and Testament." By this will, the testator himself nullified and revoked, in positive and clear language, the will of October 31, 1951.

When the will of October 31, 1951, was presented for probate, the court had no way of knowing that there was a later instrument. The *ex parte* proof satisfied the court that the document was the last will and testament of the decedent.

The very next day, a later will dated January 15, 1953, was admitted to probate. The petition and will bore the same clerk's file number as the earlier proceeding. The court had full knowledge of its previous order and of the previous will. The court was satisfied, by the *ex parte* proof, that the will of January 15, 1953, was, in fact, the last will and testament of the decedent, and admitted that will to probate. What was the unquestioned effect of this order? First, it established the document to be the last will and testament of the decedent. Second, it appointed Lurline Tate Maguire executrix, with jurisdiction over all of the estate assets and full right to administer thereon. Third, it revoked all previous wills made by the testator, including the will dated October 31, 1951. Fourth, the revocation of the prior authority was automatic (a) for the reason that the order of July 31, 1953, gave effect to the testator's last desires, and (b) for the further reason that the legislature has provided that the order admitting the *last* will to probate is conclusive as against all the world, except for contest or the admission of a still later will.

The order made and entered July 31, 1953, has never been appealed from or attacked by anyone, including appellant. It seems obvious to this court that, the will of October 31,

1951, having been revoked by the testator during his lifetime by this later will, the order admitting it was conclusive as against all the world, except for contest, and that John W. Day had no more standing in court after July 31, 1953, than an absolute stranger to the proceeding. By so holding, we simply give effect to the testator's last expression. To hold otherwise would be to defeat his plain and unambiguous wishes. See *In re Elliott's Estate, supra.*

█ October 20, 1953, Judge McDonald denied a motion to rescind the letters testamentary previously issued to John W. Day. Appellant contends that, since there was no appeal from that order, the matter is *res judicata* as to the issue now before the court. Since the order itself does not indicate the reasons which prompted Judge McDonald to sign it, we can only conclude that the court believed it had no jurisdiction and declined to recognize that John W. Day was legally before the court. The order, in any event, was not *res judicata* as to any issue involving the will of January 15, 1953. The order admitting that will to probate was not being questioned or attacked by the appellant in the proceeding then before the court. The sole and only issue before the court was the status of the 1951 will. We, therefore, find no merit in appellant's contention.

█ Finally, it is contended by appellant that Judge Seering's order was illegal. With this contention, we cannot agree. Courts have inherent power in probate proceedings to clarify orders at any time. See *In re Elliott's Estate, supra,* and cited cases. The court made no new adjudication of the rights of anyone then legally before the court. The adjudication appellant now complains of is the one made by the court July 31, 1953. The petition which was heard by Judge Seering was to clarify what appeared to respondent to be inconsistent. Judge Seering simply clarified the orders. This he had a right to do, with or without a petition.

For the reasons stated, the order appealed from is affirmed.

HAMLEY, C. J., DONWORTH, and FINLEY, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

April 15, 1955. Petition for rehearing denied.

[1]Reported in 280 P. (2d) 676.