[No. 33133. Department One. March 10, 1955.]

*In the Matter of the Estate of* EBEN E. ROBINSON,
*Deceased.*

HARVEY E. ROBINSON, *as Executor, Respondent,* v. HELEN
MARIE BAKER, *Appellant.*[1]

[1]Reported in 280 P. (2d) 676.

*Rudolph Naccarato*, for appellant.

*Parr & Baker*, for respondent.

OTT, J.—The will of Eben E. Robinson, dated July 31, 1953, was admitted to probate in Thurston county, and provided in substance as follows:

(1) That all just debts be paid.

(2) That the executor would act without court intervention.

(3) That his daughter, Helen Marie Baker, should receive certain specifically described real estate, being the property here in question. The testator provided with reference thereto as follows:

". . . together with and subject to that certain real estate contract, as represented by the unpaid balance of said contract, which is dated December 21, 1950, to Leo [*sic*] H. Krembs and Beverly R. Krembs, husband and wife, as Buyers. This provision for and to my daughter and her participation in my estate is limited to the unpaid balance, if any, of said contract at time of my demise."

(4) All the residue of the estate was devised and bequeathed to Harvey E. Robinson, son of decedent.

The record discloses that, at the time of making the will, the testator did not own the fee title to the real estate described in the third paragraph of the will. The testator had, on December 15, 1949, purchased the real estate on contract from Kenneth G. Fry and Minnie Fry, his wife. The contract provided that the balance of four thousand dollars was to be paid at the rate of not less than forty dollars a month, and, upon the contract being paid in full, a deed was to be delivered to Eben E. Robinson.

On December 30, 1949, Kenneth Fry and his wife assigned the contract to the Olympia Federal Savings and Loan Association.

December 21, 1950, Eben E. Robinson sold the real estate on contract to Lee H. Krembs and Beverly R. Krembs, his wife, for seventy-two hundred dollars. One thousand dollars was paid down, and the balance of sixty-two hundred dollars was to be paid at the rate of fifty dollars a month. Although there was a substantial sum still due on the Fry contract, the Krembs contract was silent with reference to it. Eben E. Robinson contracted to deliver to Lee H. Krembs and his wife a warranty deed to the premises, upon payment of the contract in full.

Eben E. Robinson died December 3, 1953. At the time of his death, the unpaid balance of the Krembs contract was $5,300.33. The unpaid balance on the Fry-Robinson purchase contract, which had been assigned to the Olympia Federal Savings and Loan Association, was $2,886.78.

From an order of court directing the executor to pay to Helen Marie Baker the amount of the unpaid balance of the Krembs contract, less the $2,886.78 due on the Fry contract for the purchase price of the real estate, Helen Marie Baker has appealed.

 If it is possible to do so, the intent of a testator must be determined without going outside the four corners of the will. RCW 11.12.230 [cf. Rem. Rev. Stat., § 1415]. *In re Lidston's Estate*, 32 Wn. (2d) 408, 414, 202 P. (2d) 259 (1949), and cases cited; *In re Levas' Estate*, 33 Wn. (2d) 535, 206 P. (2d) 482 (1949); *In re Torando's Estate*, 38 Wn. (2d) 642, 644, 228 P. (2d) 142 (1951). A will speaks as of the date of the death of the decedent, but the intention of the testator is determined as of the time of the execution of the will. *In re Phillips' Estate*, 193 Wash. 194, 74 P. (2d) 1015 (1938); *Tacoma Savings & Loan Ass'n v. Nadham*, 14 Wn. (2d) 576, 592, 128 P. (2d) 982 (1942).

 Likewise, a testator is presumed to have knowledge of his title to real estate. *In re McNulta's Estate*, 168 Wash. 397, 403, 12 P. (2d) 389 (1932). Where a testator owns only a partial interest in property, the language of the will will be construed that he intended to give only the interest he was able to dispose of, the presumption being that he did

not intend it to apply to that over which he had no disposing power. *Tacoma Savings & Loan Ass'n v. Nadham, supra*, p. 593.

At the time the testator executed his will, he knew that he could not deliver title to Krembs until he had paid the Fry contract in full. When he made the bequest to Helen Marie Baker, he knew that she would be required to pay the Fry contract before she could deliver the deed to Krembs, and thus demand and receive the balance of the Krembs contract.

We conclude that the court did not err in directing that the bequest was subject to the amount remaining unpaid on the Fry contract.

Appellant contends that the court erred in permitting the attorney who drew the will, and a bank representative, to testify, over appellant's objection, concerning the intent of the testator with reference to the bequest in question. With this contention, we agree for the reason that the intent of the testator in this respect was ascertainable from the document itself, without the necessity of extrinsic evidence. *Donnelly v. National Bank of Washington*, 27 Wn. (2d) 622, 624, 179 P. (2d) 333 (1947), and cases cited.

For the reasons stated, however, the error was harmless. The order of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

April 25, 1955. Petition for rehearing denied.