Argued December 1, affirmed December 29, 1960, petition for
rehearing denied January 24, 1961

IN THE MATTER OF THE ESTATE OF
JENNIE HORGER, DECEASED
DOVER *v.* HORGER ET AL
358 P. 2d 484

*Oren R. Richards*, Portland, argued the cause and filed a brief for appellant.

*Robert Clapperton*, Portland, argued the cause for respondents. With him on the brief was Irving Rand, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell and Howell, Justices.

SLOAN, J.

Plaintiff appeals from an order refusing to admit for probate the will of Jennie Horger, deceased. The same order, as a consequence, denied plaintiff appointment as executor of the will. Defendant Calvin Horger was the only child and sole heir of deceased. Elizabeth Horger was the wife of Calvin. The will bequeathed a specific gift of $1000 to Elizabeth, the residue of the estate was devised to Calvin. The principal asset was real property situate in Multnomah County.

The will had been prepared by plaintiff, a non-lawyer. Plaintiff was named as executor. He had no other interest in the estate. After Jennie Horger's death, Calvin and Elizabeth, on the advice of competent counsel, entered into a written agreement whereby they agreed to dispense with the administration of the estate and to divide the property according to the terms of the will. Calvin Horger swore that all of the debts of this comparatively small estate, including taxes, were paid. It was for this reason that they, Calvin and Elizabeth, resisted plaintiff's petition to probate the will.

The trial court found that the agreement was executed in good faith; that all obligations of the estate were paid; no good purpose would be served in requiring probate and therefore denied plaintiff's petition to probate the will and estate.

There was no reason to compel the expense of administration in this case. No creditor or other interested party was involved. The only interest plaintiff had was to collect his fee as executor. No statute or. policy can be found which would require the court to grant administration where the only right that was involved was that of the person named as executor to receive his fee.

A review of the statutes in this respect is found in 2, Jaureguy and Love, Oregon Probate Law and Practice, 1958, § 532, et seq. A case from the 8th United States Circuit Court of Appeals cited by the authors correctly states the rule to be applied in this case:

"* * * The statutes of Oklahoma and of Oregon governing descent and distribution of real and personal property follow the general lines of such statutes elsewhere. They provide for the descent of real and personal property to the heirs, subject to administration of the estate. It is undisputed that the title passing to the heirs is subject to the prior and superior right of administration. It has been said that such title is 'in suspense' until such administration has closed. But this rule of law does not mean that administration of an estate is, in all instances and under all circumstances, a prerequisite to the passing of legally enforceable rights and titles to the heirs. The purposes of the administration of the estates of deceased persons are to secure payment of debts due to or from the estate, and thereafter to distribute any residue to the persons entitled thereto. Where there are no such debts and no question as to the persons entitled to the estate, there exists no logical reason for impos-

ing the burdens, delays, and expense of administration upon the estate, or upon the probating tribunals, unless a statute clearly requires such action. We have been cited to no such requirement in the statutes of Oklahoma or of Oregon." *Varner v. Clark,* 283 F 17, 19, (8th Cir 1922).

See also, 2, Woerner, The American Law of Administration, (3rd Ed 1923) § 199, et seq.

ORS 121.260, et seq., creates liability of the legatees for any debts that may not have been paid. The defendants, of course, assume the responsibility to establish good title to the real property involved in this estate whenever the occasion may arise. That problem is not in the case now. The court was justified in refusing to require administration of this will and estate.

Affirmed.