[No. 36115.   Department Two.   June 7, 1962.]

*In the Matter of the Estate of* ELIZABETH ANNE DROWN, *Deceased.*

OREN L. DROWN, *Appellant,* v. JAMES M. SAKSHAUG, *as Executor, Respondent.**

*Reported in 372 P. (2d) 196.

*Livesey, Kingsbury & Livesey,* for appellant.

*Roehl & Dalquest,* for respondent.

OTT, J.—July 1, 1958, Elizabeth Sakshaug, a widow, as first party, and Dale Russell Sakshaug, James M. Sakshaug, and Robert A. Sakshaug, as second parties, executed the following contract:

"First Party is the widow of Alfred Sakshaug; Second Parties are adult children of said Alfred Sakshaug.

"Second Parties have, and do hereby grant, bargain, sell, convey, and transfer to First Party all interest in the estate of said Alfred Sakshaug, deceased, and agree to have no further claims against said estate.

"In consideration of said conveyance and transfer to First Party, said First Party hereby agrees that an undivided one-half of such estate as she may have at the time of her death will belong to and be the property of Second Parties, in equal undivided shares.

"The remaining undivided one-half thereof will belong to the niece of First Party, Betty Ann Swenson, Cincinnati, Ohio.

"First Party has this day made a Last Will and Testament in which she gives, devises and bequeaths to Second Parties in equal undivided shares an undivided one-half of her estate and the remaining undivided one-half to her said niece.

"The marriage of First Party or the making of a Will hereafter by her containing terms different from the above shall in no way or manner defeat Second Parties' rights against the estate of First Party, but nothing herein contained shall affect First Party's right to use, spend and dispose of her estate during her lifetime, excepting that she is not to give the same or any part thereof away without reasonable compensation therefor."

On the same day, Elizabeth Sakshaug executed the following last will and testament:

"KNOW ALL MEN BY THESE PRESENTS: That I, ELIZABETH SAKSHAUG, being of sound and disposing mind and memory and not acting under duress, menace, fraud or undue influence of any person whomsoever, do make, publish and

declare this my Last Will and Testament, in the manner following, that is to say:

"FIRST: I direct that my executor hereinafter named, as soon as he shall have funds sufficient in his hands, pay my funeral expenses and the expenses of my last sickness and all lawful claims against my estate.

"SECOND: I am a widow. I have no children. My husband, Alfred Sakshaug, died in Whatcom County, Washington, June 24, 1958.

"THIRD: All of my estate, of every kind and nature and wheresoever situated, I give, devise and bequeath as follows:

"An undivided one-half thereof in equal undivided shares to my deceased husband's sons, DALE RUSSELL SAKSHAUG, 3702 Ainsworth Street, Tacoma, Washington; JAMES M. SAKSHAUG, Deming, Washington; and ROBERT A. SAKSHAUG, 4114 Morris Street, Saginaw, Michigan.

"The remaining undivided one-half of my estate I give, devise and bequeath to my niece, BETTY ANN SWENSON, Cincinnati, Ohio.

"FOURTH: I have this day entered into an agreement with the sons of my deceased husband in which I agree that at my death they will receive an undivided one-half of the estate owned by me at the time of my death, with the other undivided one-half going to my said niece.

"LASTLY: I name my husband's son, JAMES M. SAKSHAUG, executor hereof, to serve without bond. This Will is a nonintervention Will, and the executor is given full right and authority to sell, handle, manage and care for said estate during the administration thereof, without any intervention of the Court.

"I hereby revoke any and all Wills by me heretofore made.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 1st day of July, 1958."

March 21, 1959, Elizabeth Sakshaug married Oren L. Drown. She died February 4, 1961, leaving no community estate and a separate estate consisting of $2,149.16 in a savings account in the Seattle-First National Bank, $9,978 in the Bellingham First Federal Savings and Loan Association, $8,875 balance on a contract of sale of property at Poulsbo, a note in the amount of $1,963.47, and a residence at Everson, Washington.

James M. Sakshaug petitioned the court to admit the will to probate, and Oren L. Drown petitioned for letters of administration, contending that the will had been revoked by the marriage of the testatrix subsequent to its execution. RCW 11.12.050.

From the order admitting the will to probate and appointing James M. Sakshaug as executor, Oren L. Drown has appealed, contending on appeal that the court erred in its determination that the will was not revoked.

■ The right to dispose of property by will is authorized by statute. RCW 11.12.010; *In re Gordon's Estate,* 52 Wn. (2d) 470, 476, 326 P. (2d) 340 (1958), and cases cited. One who alleges that a will has been revoked has the burden of proving revocation by evidence which is clear, cogent and convincing. See *In re Gordon's Estate, supra,* and cases cited; *In re Mayer's Estate,* 43 Wn. (2d) 258, 260 P. (2d) 888 (1953).

Appellant contends that the will in question was revoked by RCW 11.12.050 which provides in part:

"If, after making any will, the testator shall marry and the wife, or husband, shall be living at the time of the death of the testator, such will shall be deemed revoked, unless provision shall have been made for such survivor by marriage settlement, or unless such survivor be provided for in the will *or in such way mentioned therein as to show an intention not to make such provision,* and no other evidence to rebut the presumption of revocation shall be received. . . ." (Italics ours.)

■ Under this statute, subsequent marriage revokes a prior will when it is established that the survivor has not been either (1) provided for by a marriage settlement, (2) provided for in the will, or (3) mentioned therein so as to show an intention not to make such provision. *In re Steele's Estate,* 45 Wn. (2d) 58, 273 P. (2d) 235 (1954); *In re Gherra's Estate,* 44 Wn. (2d) 277, 267 P. (2d) 91 (1954).

■ In the case at bar, we are concerned with whether the surviving spouse was sufficiently mentioned to establish the testatrix' intention not to make provision for him.

The intention of a testatrix or testator is determined as of the date of execution of the will. *In re Larson's Estate,* 58 Wn. (2d) 673, 364 P. (2d) 494 (1961), and cases cited; *In re Robinson's Estate,* 46 Wn. (2d) 298, 280 P. (2d) 676 (1955).

■■ The fourth paragraph of the will refers to an agreement in which the testatrix obligated herself to devise her entire estate. The will recites that it was executed contemporaneously with the agreement to devise. It is therefore necessary to consider the agreement and the will as one document in order to determine the testatrix' intention relative to the disposition of her estate. The above-quoted agreement establishes that the testatrix had in mind the possibility of her subsequent remarriage, and that it should not defeat the rights of the parties under the will. A surviving spouse was sufficiently mentioned to establish her intention to disinherit him. The evidence supports the trial court's finding that the testatrix intended to disinherit any husband she might subsequently marry.

Appellant asserts that the evidence does not support a finding that the testatrix intended to disinherit him as to that portion of her estate which was devised to her niece. We do not agree. That the testatrix intended to disinherit him as to that half of the estate is established by her agreement that, notwithstanding a subsequent remarriage, her niece should receive the remaining half.

■ Appellant assigns error to the court's refusal to admit evidence which would have established that, at the time the will and agreement were executed, the testatrix did not know Oren L. Drown and, therefore, could not have intended to disinherit him. The intention manifested by the testatrix relative to a subsequent remarriage applied to every eligible person, including Oren L. Drown. The court did not err in excluding the proffered testimony.

Finally, what we have said heretofore is decisive of appellant's contention that the court erred in refusing to

appoint him as administrator of the estate.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.

August 13, 1962. Petition for rehearing denied.