JUSTIN H. JOHNSON, APPELLANT AND CROSS-RESPONDENT, *v.* MARCIA J. WHIPPLE, RESPONDENT AND CROSS-APPELLANT.

Nos. 9407 and 9757

May 17, 1978                                    578 P.2d 1189

[Rehearing denied June 28, 1978]

*Hawkins, Rhodes, Sharp & Barbagelata* and *M. Craig Haase,* of Reno, for Appellant and Cross-Respondent.

*Vargas, Bartlett & Dixon* and *Philip G. Satre,* of Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This appeal concerns numerous allegations of breach of trustee duty committed by appellant Johnson in his management of a trust substantially funded from the estate of his father, Edgar Johnson. The action was initiated by Johnson's sister Marcia, a beneficiary of the inter vivos trust.

However, as conceded by both parties before this court in oral argument, Edgar's will was never offered for probate. This failure precludes us from considering the merits of this appeal, because Edgar's property cannot have passed to the trust without probate. In re Estate of Zimmerman, 485 P.2d 215 (Kan. 1971); In re Campbell's Estate, 280 P.2d 686 (Wash. 1955); Reed v. Hayward, 144 P.2d 561 (Cal. 1943); Further, we are unwilling to infer a tacit agreement among the heirs at law to suppress the will and accomplish the pour-over by extrajudicial means. In re Estate of Harper, 446 P.2d 738 (Kan. 1968); Estate of Horger, 358 P.2d 484 (Ore. 1960); *see,* NRS 136.050, 163.220–250.

Moreover, we decline Marcia's invitation to posit the existence of a constructive trust based on Johnson's appointment as executor of his father's estate. *See,* Pedroli v. Scott, 47 Nev. 313, 221 P. 241, 31 A.L.R. 841 (1923). Until Edgar's will is proved, there is no way in which to ascertain the identity of any beneficiaries of such a creation. Reed v. Hayward, *supra.* This being so, Marcia has no standing to challenge Jonhnson's management of the property in Edgar's estate.

Because the inter vivos trust here involved remains substantially unfunded, and because those portions of the district court order appealed from mainly concern the rights and property erroneously thought to have passed to the trust under

Edgar's will, we believe probate to be a necessary prerequisite to a proper consideration of the issues involved in this appeal.
Reversed and remanded.