# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of James A. Saunders, | No. 56052-6-II |
| Deceased. | |
| EARLINA HARRIS and PAULINE JONES, | |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| RALPH and GIA VILLAVICENCIOS, copersonal representatives of the Estate of James A. Saunders, deceased, | |
| Respondents. | |

GLASGOW, C.J.—James A. Saunders executed a will in April 2020, leaving his estate to friends, including Ralph and Gia Villavicencios, and naming the Villavicencioses as copersonal representatives. Saunders executed another will in September 2020, leaving his entire estate to Pauline Jones and naming Jones's daughter Earlina Harris as the personal representative. Jones and Harris are not related to Saunders, they were unknown to his friends, and they were not mentioned in the April will.

Saunders was found unconscious in Jones's basement in December 2020, and he died shortly thereafter. The Villavicencioses quickly moved to admit the April will to probate. They also told the trial court that the September will existed and that they expected Jones and Harris to contest the April will. The trial court admitted the April will to probate.

Jones and Harris later sought special notice proceedings with regard to the April will, but the trial court quashed this request and granted nonintervention powers to the Villavencioses. Jones and Harris never contested the April will or offered the September will for probate. They instead moved to vacate the first order admitting the April will under CR 60(b). The trial court denied the motion.

Jones and Harris appeal the order denying the CR 60(b) motion and the order granting nonintervention powers and quashing special notice. They argue that the trial court erred by denying their CR 60(b) motion because the order admitting the April will was erroneous, the product of misconduct, and void. Both sides request attorney fees on appeal.

We affirm the denial of the CR 60(b) motion. We conclude the order granting nonintervention powers and quashing special notice is not appealable as a matter of right, and we decline to grant discretionary review of this order. We award attorney fees to the Villavencioses and decline to award them to Jones and Harris.

FACTS

Saunders executed a will in April 2020 naming the Villavencioses as the copersonal representatives of his estate. Ralph Villavencios was a longtime friend of Saunders. The April will left a piece of property to two other friends and left the remainder of the estate to the Villavencioses.

Saunders executed another will in September 2020. The September will contained language revoking all prior wills and left Saunders's entire estate to Jones. It named Jones's daughter Harris as the personal representative. Our record does not contain any information about when Saunders met Jones and Harris or the nature of their relationship.

In December 2020, Jones contacted the attorney who had prepared the April will. Jones informed the attorney of the September will and that Jones now had power of attorney for Saunders. The attorney had never heard of Jones or Harris before. "Jones requested that [the attorney] explain the [September] Will and General Durable Power of Attorney to her because she wanted to immediately transfer the real property that was designated for her in the Will." Clerk's Papers (CP) at 11. Counsel refused to discuss the documents with Jones and began trying to contact Saunders. Counsel contacted the Villavicencioses, who expressed concern and provided contact information for an Adult Protective Services investigator who had been investigating Jones. The investigator advised counsel to contact law enforcement for a wellness check on Saunders.

Law enforcement found Jones "at Mr. Saunders's home selling his belongings in a garage sale." CP at 12. She told the police first that Saunders was ill and could not see visitors, then that he "was away visiting friends," and finally "that Mr. Saunders was at her home in Bremerton." *Id.* Law enforcement discovered Saunders unconscious in Jones's basement later that day, and he was taken to the hospital where he passed away the next morning.

A.      Opening Probate

The day after Saunders died, the Villavicencioses moved to admit the April will to probate and authorize the Villavicencioses as interim personal representatives of the estate. Their pleadings alerted the trial court to the existence of the September will and asked the court to set aside the September will, arguing that it contained fraudulent signatures "or was entered into by [Saunders] under undue duress." CP at 3. They asked the trial court to allow settlement of the estate "with Court intervention until the dispute concerning [Saunders's] Will is resolved by the Court." *Id.*

At an ex parte hearing in December 2020, the trial court clarified that the Villavicencioses anticipated a will contest and were seeking to have the April will admitted to probate to begin the process of identifying the prevailing will. The Villavicencioses confirmed that they "wanted to make the court aware that another will does exist and that we would contest the validity of that will." Verbatim Report of Proceedings (VRP) (Dec. 11, 2020) at 6.

Shortly after the December hearing, the trial court appointed the Villavicencioses as personal representatives of Saunders's estate and admitted the April will to probate, "subject to resolution of the contested Will, dated September 24, 2020." CP at 24. The court's written order stated that "the Will dated September 24, 2020, is set aside pending resolution of the contested Will." *Id.*

Jones and Harris did not contest the April will, nor did they ever offer the September will for admission to probate as expected. As a result, the Villavicencioses did not file a will contest against the September will.

B.     Requests for Special Notice, Adjudication of Solvency, and Nonintervention Powers

In April 2021, Jones and Harris requested special notice of proceedings regarding Saunders's estate under RCW 11.28.240(1), which permits "any person interested in the estate as an heir, devisee, distributee, legatee or creditor" to request notice of proceedings in the administration of the estate. In June 2021, after the four-month statute of limitations for bringing a will contest had expired, the Villavicencioses petitioned the trial court to adjudicate Saunders's estate as solvent, grant the Villavicencioses nonintervention powers, and quash the request for special notice. *See* RCW 11.24.010. They argued that the court had admitted the April will to probate "pending a possible will contest," and that the lack of a timely will contest against the

April will "has served to resolve the issue." CP at 35, 47. The Villavencioses also argued that Jones and Harris could not seek special notice because they were not related to Saunders, not named in the April will, and had not filed a creditor's claim. "They are devisees and legatees of the September will, which was not admitted to probate," but not the April will, which did not name Jones and Harris. VRP (July 2, 2021) at 6.

Jones and Harris argued that the September will revoked the April will and that the Villavencioses had to disprove the validity of the September will before the April will could validly be entered into probate. The trial court clarified that Jones and Harris believed that it was the Villavencioses' obligation to file a contest against the September will, not Jones's and Harris's obligation to contest the April will. Counsel for Jones and Harris explained, "I don't contest the April will." *Id.* at 16. When asked why she had not contested the April will or submitted the September will to probate, counsel for Jones and Harris stated that she had been busy and "was waiting for [the Villavencioses] to move first, essentially . . . I have no problem bringing a petition to admit the September will at this point if that's preferable." *Id.* at 16-17.

In a July 2021 order, the trial court found that Jones and Harris were "not heirs, devisees, distributees, legatees or creditors in the present estate, and thus not allowed to request special notice." CP at 57. The trial court found Saunders's estate was solvent. The trial court also concluded that the time period allowed to contest the April will had passed. The trial court granted the Villavencioses nonintervention powers to administer the estate and quashed the request for special notice.

Nothing in our record indicates that the September will was ever offered for probate. Nor did Jones or Harris ever attempt to file a contest against the April will.

5

C.     CR 60(b) motion

Jones and Harris moved for relief under CR 60(b), seeking to void for lack of notice only the original December 2020 order admitting the April will to probate. They argued that they had an interest in the estate requiring notice because "[a]bsent other proceedings, legatees and devisees under a will not being offered for probate would have a right to bring their own will into court and, if not successfully challenged, inherit under it." CP at 66. They concluded that even though the April will had been properly admitted to probate at the time, the order admitting the April will had become void based on the lack of notice to Jones and Harris.

The Villaviencioses responded that Jones and Harris were not entitled to notice because they were not heirs, devisees, or legatees under the April will. "There is no broader category of 'interested persons' or 'all affected parties,' . . . who are entitled to notice." CP at 80. "Since the [Villaviencioses] were not required to give notice of the probate proceedings to [Jones and Harris], lack of such notice could not serve to void the December 11, 2020, order admitting the April will to probate." *Id.*

The trial court denied the CR 60(b) motion, declining to find the December 2020 order admitting the April will into probate was void for lack of notice. Jones and Harris did not seek to vacate any other order, and the court noted that the "issue of whether notice was sufficient" for the July 2021 order adjudicating the estate solvent, granting nonintervention powers, and quashing special notice was not before the court. CP at 96.

Jones and Harris appeal the trial court's denial of the CR 60(b) motion. The text of the notice of appeal also appears to designate the July 2021 order adjudicating the estate solvent, granting nonintervention powers, and quashing the request for special notice.

6

## ANALYSIS

### I. ADMITTING A WILL TO PROBATE

No person is "deemed a devisee" under a will "until the will has been probated." RCW 11.04.250. RCW 11.20.010 provides that "[a]ny person having the custody or control of any will shall, within thirty days" of learning of the testator's death, "deliver said will to the court having jurisdiction." Upon delivering the will, the party may ask the court to admit the will for probate. RCW 11.20.020(1). The court may "either probate or reject [the] will as the testimony may justify" in a formal order. *Id.* If the court accepts the will to probate, the court may also appoint a personal representative if instructed to by the will. *Id.* Within 20 days of appointment, the personal representative must serve notice of the probate to "each heir, legatee and devisee of the estate and each beneficiary or transferee of a nonprobate asset of the decedent whose names and addresses are known" to the personal representative. RCW 11.28.237(1).

### II. DENIAL OF THE CR 60(b) MOTION

Jones and Harris argue that the trial court erred by denying their CR 60(b) motion to vacate the December order admitting the April will to probate. They argue that relief was appropriate under CR 60(b)(1), (4), and (5) because the order admitting the April will was a mistake, the result of fraud or misconduct, or void for lack of notice.

The Villavicencioses argue that the trial court properly denied the CR 60(b) motion. They contend that the trial court followed the appropriate procedures of admitting the April will to probate and that the probate of the April will was not contingent on the Villavicencioses filing a will contest against the September will, which has never been admitted into probate. And they

argue that "[t]here was no mistake, irregularity, fraud, misrepresentation or misconduct in the proceedings." Br. of Resp'ts at 20. We agree with the Villavicencioses.

CR 60(b) allows a court to relieve a party from a judgment or order due to mistake, fraud, or because the "judgment is void." CR 60(b) (5). We review a trial court's denial of a CR 60(b) motion for abuse of discretion. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). We will not overturn the decision unless the trial court exercised its discretion on untenable grounds or for untenable reasons. *Id*. An appeal from the denial of a CR 60(b) motion is not a substitute for a direct appeal, so our review is usually limited to the propriety of the denial, and we do not review the underlying order.[1] *In re Dependency of J.M.R.*, 160 Wn. App. 929, 939 n.4, 249 P.3d 193 (2011). Ordinary "[e]rrors of law are not correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors." *Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d 328, 336, 722 P.2d 67 (1986).

Jones's and Harris's CR 60(b) motion challenged only the December order admitting the April will to probate. It was Jones's and Harris's burden to prove that the April will had been revoked by the September will. *In re Estate of Drown*, 60 Wn.2d 110, 113, 372 P.2d 196 (1962). The trial court acknowledged that there would likely be a dispute if Jones and Harris put forth the September will, but also recognized that admitting the April will was proper. Additionally, Jones

---

[1] A party may raise a claim that the trial court lacked jurisdiction for the first time on appeal from the denial of a CR 60(b) motion. *State v. Santos*, 104 Wn.2d 142, 145-46, 702 P.2d 1179 (1985). Jones and Harris appear to argue that the trial court lacked jurisdiction to enforce the will contest time limit against them due to the lack of notice. But this argument addresses the July order, not the December order admitting the April will to probate. The December order was the underlying order that was the subject of Jones's and Harris's motion to vacate under CR 60(b). Thus, we need not reach the jurisdictional argument when addressing the CR 60(b) motion.

and Harris had notice of Saunders's death, giving them an obligation under RCW 11.20.010 to seek admission of the September will to probate. But the September will was never offered for probate.

Jones and Harris could have challenged the April will at the time it was presented for admission into probate *or* by subsequently offering the September will for admission into probate. *See In re Estate of Black*, 153 Wn.2d 152, 170, 102 P.3d 796 (2004); *In re Estate of Campbell*, 46 Wn.2d 292, 295, 280 P.2d 686 (1955). It was not error for the trial court to admit the April will and wait for Jones and Harris to seek admission of the September will to attempt to establish that it revoked the April will. Admission of the September will would also have provided the avenue for the Villavicencioses to contest the September will based on fraud, duress, or undue influence. The April will was properly admitted into probate and it was not admitted through mistake, fraud, a void judgment, or extraordinary circumstances justifying relief. *See Tang*, 57 Wn. App. at 653.

Jones and Harris contend that they should have been provided notice of the probate of the April will. But the notice requirement does not begin until after the will is admitted for probate and a personal representative is appointed. RCW 11.28.237. Jones and Harris sought only to vacate the court's order admitting the April will into probate in the first instance. Subsequent issues of notice would not undermine the initial admission of the will into probate.

The trial court did not abuse its discretion when it declined to vacate the order admitting the April will to probate. We affirm the denial of the CR 60(b) motion.

### III. CHALLENGE TO THE JULY ORDER

The notice of appeal contains text appealing the July order adjudicating the estate solvent, granting nonintervention powers, and quashing the request for special notice, even though the

order is not attached to the notice of appeal. The July 2021 order is not appealable under RAP 2.2(a) because it is not a final judgment or an order determining the action. Where an order is not appealable, we typically treat the notice of appeal of the order as a notice for discretionary review pursuant to RAP 5.1(c). But Jones and Harris have not articulated how the order meets the requirements for discretionary review under RAP 2.3(b). We therefore decline to review the July order.

## ATTORNEY FEES

Jones and Harris request attorney fees on appeal under RCW 11.96A.150. The Villavicencioses seek attorney fees on appeal under the same statute and argue that we should deny Jones's and Harris's request for fees.

RAP 18.1(a) allows this court to award reasonable attorney fees and costs on appeal if permitted by "applicable law." RCW 11.96A.150 governs attorney fees for all proceedings under title 11 RCW. The statute provides broad discretion, allowing us to order "costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable." RCW 11.96A.150(1). This court "may consider any and all factors that it deems to be relevant and appropriate." *Id.*

Because we affirm the trial court's denial of Jones's and Harris's CR 60(b) motion, we deny Jones's and Harris's request for attorney fees on appeal.

Considering the facts in the record, as well as the Villavicencioses' status as the prevailing party, we award the Villavicencioses attorney fees on appeal in an amount to be determined by a commissioner of this court.

No. 56052-6-II

## CONCLUSION

We affirm the denial of the CR 60(b) motion and decline to review the July order. We deny Jones's and Harris's request for attorney fees on appeal but grant the Villavicencioses' request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Glasgow, CJ_
Glasgow, C.J.

We concur:

_Cruser, J._
Cruser, A.C.J.

_Veljacic, J._
Veljacic, J.