[Civ. No. 11869.   Second Appellate District, Division Two.—June 27, 1938.]

In the Matter of the Estate of REBECCA BRISACHER, Deceased.   MAY BRISACHER EDWARDS, Appellant, v. HARRY BRISACHER et al., Respondents.

Bradner & Weil and Gertrude R. Chamberlain for Appellant.

Dana R. Weller for Respondents.

CRAIL, P. J.—This is an appeal from an order of partial distribution. The controversy arises out of a dispute as to whether the distributees (respondents) are entitled to the portion distributed to them under certain clauses of the decedent's will, or whether they have by reason of certain facts hereinafter set forth forfeited all their interest in the estate except the sum of ten dollars each under another clause of the will.

The decedent distributed her property by will. In the eighth clause of the will she gave a "diamond wedding ring" to Harry Brisacher, and later in the same article she provided that "any jewelry not specifically mentioned or bequeathed herein shall go absolutely to my daughter, May". Thereafter she distributed the balance of her estate in four equal parts to her children, and still later she provided a contest clause to the effect that if any of her children "in anywise, directly or indirectly, contest or aid in contesting the same, or any of the provisions thereof or the distribution of my estate thereunder, then, and in that event, I annul any bequest made herein" and limit said child to ten dollars. Thereafter, May petitioned the court for partial distribution of one single diamond ring appraised at one hundred dollars. On the day set for the hearing of this petition, Harry Brisacher and Leo Brisacher, purporting to act as executors, filed what they entitled "Executors Objections to Petition for Partial Distribution" in which they alleged "That petitioner is not en-

titled to distribution of an item of jewelry specifically described as one single diamond ring herein appraised at $100.00, but that the same is specifically bequeathed to Harry Brisacher.'' On the same day a hearing was had on the petition before Honorable J. W. Mullin, Jr., judge *pro tempore*. In behalf of their objection respondents produced witnesses and offered to prove that the testatrix had referred many times to the single diamond ring as her wedding ring. An objection to such evidence was made and sustained. While the above proceedings were pending the respondents herein filed a petition for partial distribution including ''a diamond wedding ring appraised at $100.00''. To this petition for partial distribution appellant filed an answer denying that said ring was the ring referred to in the will, and alleging that the phrase in the will ''a diamond wedding ring'' referred to the ring appraised at $15. She further alleged that the acts and conduct of the respondents in contesting her petition constituted a contest of a provision of the will and a contest of a distribution under the will, and therefore that the respondents were entitled to only a distribution of ten dollars. At the hearing the appellant offered and proved the facts above stated. The respondents on their part offered evidence and were permitted to testify over objection of appellant that the testatrix on many occasions both prior to and subsequent to the time she acquired the diamond wedding ring, referred to the ''single diamond ring'' as her ''wedding ring'', and that their objections to appellant's petition for partial distribution were filed in good faith and in the belief that the single diamond ring was the diamond wedding ring specifically bequeathed to Harry Brisacher.

The trial court found that the respondents had filed their objections to appellant's petition in good faith and in the belief that the single diamond ring was the one referred to and mentioned in the will as a ''diamond wedding ring'' bequeathed to Harry Brisacher, and held that they had not directly or indirectly contested a distribution of the estate under the will, and that they had not forfeited their interest in the estate as provided in the will, and ordered partial distribution to them. As to the diamond wedding ring which they describe in their petition as appraised at $100, the court denied their petition without prejudice for the reason that a petition for distribution of the same property to May Bri-

sacher Edwards was then pending in another department. The appeal is from this order of partial distribution entered on February 23, 1936.

The appellant says: "The sole question is whether the respondents under the foregoing facts thereby violated the fourteenth article of the will and forfeited all their interest in the estate except $10.00?" In our view the facts do not constitute a contest of the will or any portion thereof. The respondents were merely attempting to identify which ring was the "marriage ring" designated in the will as going to Harry Brisacher. The question of their right to file objections as executors was not raised in the trial court. The executors did not contest any of the provisions of the will or any distribution thereunder, but merely contended that the petitioner claimed something to which she was not entitled. (*Estate of Kline,* 138 Cal. App. 514, 521 [32 Pac. (2d) 677].) That case quotes from *Tate* v. *Camp,* 147 Tenn. 137 [245 S. W. 839, 26 A. L. R. 755], as follows: "If the action of a legatee is merely one to determine the true construction of the will, or of any of its parts, the action could not be held to breach the ordinary forfeiture clause, if the object of the action is not to make void the will, or any of its parts, but to ascertain its true meaning." See, also, *Estate of Harrison,* 22 Cal. App. (2d) 28 [70 Pac. (2d) 522].

The issue as to the distribution of the rings has not yet been decided by the trial court. It may well be that the issue as to the identity of the rings will resolve in favor of the respondents, in which event, if appellant's contention should be upheld, respondents would be penalized for maintaining the will against her unjust demands.

Finally, appellant contends that the parol testimony as to the declarations of the testatrix in which she referred to the single diamond ring as her wedding ring was wholly inadmissible. Latent ambiguities have received the attention of our courts on several occasions. In *Estate of Donnellan,* 164 Cal. 14, 20 [127 Pac. 166], the court said: "Broadly speaking, there are two classes of wills presenting latent ambiguities, for the removal of which ambiguities resort to extrinsic evidence is permissible. The one class is where there are *two* or more persons or *things exactly measuring up to the description and conditions of the will . . .* " Here the

contention was being made that there were two rings exactly measuring up to the description and conditions of the will.

Section 105 of the Probate Code reads as follows: ''When there is *an imperfect description,* or no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence, excluding the oral declarations of the testator as to his intentions; and when an uncertainty arises upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding such oral declarations.'' The *Estate of Dominici,* 151 Cal. 181 [90 Pac. 448], says that such code provisions limiting the scope of the evidence which may be received appears to be at variance with the general rule, and that it will not be extended, therefore, beyond its actual language, and ''will be held to apply to mere incidental, fugitive utterances or declarations of intent''. The declarations of testatrix which were admitted in evidence were not declarations of the testatrix' intentions, and they were admissible for the purpose of identifying the ring which was referred to in the will merely as a ''wedding ring''.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 25, 1938.