[Civ. No. 9467.   Third Dist.   Nov. 5, 1958.]

Estate of PHILLIP NESSEL, Deceased.   EARL NESSEL et al., Appellants, v. MARGUERITE NESSEL JOHNSON, Respondent.

Carlos J. Badger for Appellants.

Hawkins & Hawkins and Jared W. Hawkins, Jr., for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order granting a new trial in a proceeding, under the provisions of section 1080 of the Probate Code, determining the rights of all persons claiming to be heirs or entitled to distribution under the will of the decedent.

The deceased died testate on December 27, 1955, and his will was admitted to probate. The will contained the following declarations: "I declare that I am a widower and have no children surviving me. A Boy, Earl Nessel, . . . was raised by me, but never adopted." One of the bequests was: "(f) To Margie Johnson of Santa Cruz, California, the sum of Twenty-Five and No/100 ($25.00) Dollars." It is alleged and admitted that Marguerite Nessel Johnson is a legally adopted daughter of the testator. Marguerite filed a petition in the estate proceedings under the provisions of section 1080 of the Probate Code to determine her heirship, claiming she

---

*Assigned by Chairman of Judicial Council.

was a pretermitted heir under the provisions of section 90 of the Probate Code, and she prayed that the court determine who is entitled to distribution of the estate; that the court find that she is the sole and only heir at law and that the whole of the estate be distributed to her.

By way of answer, Earl Nessel, a devisee named in the will and one of the appellants, alleged, among other things, that the decedent was aware of the existence of Marguerite Nessel Johnson and that she is the same person named in the will to whom a bequest of $25 was given. Thus, the issue was raised as to whether Marguerite was one and the same person as Margie Johnson, who was named in the will. If so, she would not be entitled to more than the $25 bequest.

The answer contains no statements setting forth Nessel's interest in the estate as provided by the provisions of section 1080 of the Probate Code, nor has any of the appellants complied with the terms of this section of the code. Other than the answer filed by Nessel, the only papers filed in the proceedings are a number of documents entitled "Waiver of Notice and Consent to Jurisdiction."

Upon a trial of this issue the trial court found that "Marguerite Nessel Johnson, the petitioner, is a daughter of said decedent by adoption, and is the same person named in the Will as Margie Johnson, and to whom the decedent left a bequest of $25.00." The judgment so provided.

Respondent then made a motion for a new trial under the provisions of subsections 1, 3, 4, 6 and 7 of section 657 of the Code of Civil Procedure, which was granted, and this appeal followed. The specific grounds urged were:

"1. Irregularity of the proceedings of the court by which the said Marguerite Nessel Johnson was prevented from having a fair trial;

"2. Abuse of discretion of the court by which the said Marguerite Nessel Johnson was prevented from having a fair trial;

"3. Accident or surprise by which ordinary prudence could not have been guarded against;

"4. Newly discovered evidence material to the said Marguerite Nessel Johnson which she could not with reasonable diligence, have discovered and produced at the trial;

"5. Insufficiency of the evidence to justify the decision of the court, in that the court finds that all of those taking under the will of the decedent, except Marguerite Nessel Johnson,

appeared in the heirship proceeding by identical pleadings entitled 'Waiver of notice and consent to jurisdiction.' Such finding is not supported by the evidence in that each person claiming under a will is an independent actor and must file his claim of heirship.

"Also the evidence is insufficient to justify the decision of the court finding that Margie Johnson residing in Santa Cruz, California is the same person as Marguerite Nessel Johnson, petitioner.

"6. And for the further reason that it does not appear from the evidence that there is a Margie Johnson residing in Santa Cruz, California, when in truth and in fact there are two persons who answer that description, who might answer that description residing at Santa Cruz, California.

"7. That the decision is against law and contrary to the law and the facts, in that no person appeared to prove heirship except Earl Nessel, and that Marguerite Nessel Johnson was by the will of said decedent inferentially declared not to be his daughter, when in truth and in fact she was his daughter, and he did not have her in mind when he declared that he was omitting his heirs at law.

"8. Error in law occurring at the trial and excepted to by the said Marguerite Nessel Johnson, in that the court received hearsay evidence and accepted the same in the determination of its decision, and the court overruled legal objections offered by said Marguerite Nessel Johnson, which should have been sustained.

"9. That there is no legal evidence to support the decision of the court finding that Margie Johnson of Santa Cruz, California is the same person as the petitioner Marguerite Nessel Johnson."

Appellants contend that the trial court erred in granting the motion for a new trial.

In her affidavit in support of the motion on the ground of accident or surprise respondent alleged: "That affiant was surprised during the trial of the said action that anyone should testify that affiant was known as 'Margie,' and she could not with ordinary prudence have guarded against such evidence because she never had been called 'Margie' by the decedent, and was not aware of the fact that in his said will dated October 31, 1944 he had named her as Mrs. Mauritz Johnson." However, when this testimony was given at the trial respondent did not make known to the court her surprise or make a motion for continuance or a mistrial of the cause.

Under such circumstances we feel that respondent waived any right she may have had to urge surprise as a ground for a new trial. ■ As stated in *Kauffman* v. *De Mutiis*, 31 Cal. 2d 429, 432 [189 P.2d 271] :

"... However, where a situation arises which might constitute legal surprise, counsel cannot speculate on a favorable verdict. He must act at the earliest possible moment for the 'right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause.' " (See also *Standley* v. *Feather River Pine Mills, Inc.*, 112 Cal.App.2d 101, 104 [245 P.2d 657].)

■ Further as to being unaware of the fact that decedent had named her as "Mrs. Mauritz Johnson" in his will of October 31, 1944, respondent was in no position to urge surprise as to that matter since her attorney prepared the document and a copy thereof was in the files of his office at the time of trial. Nor can we understand how respondent could have been surprised at all in view of the answer which alleged that she was one and the same person as Margie.

Section 1080 of the Probate Code provides:

"When four months have elapsed after the first publication of notice to creditors, and a petition for final distribution has not been filed, the executor or administrator, or any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim or reason and praying that the court determine who are entitled to distribution of the estate. . . ."

■ It is claimed that the trial court was without jurisdiction to hear and determine the issue presented by the claims of the parties to this proceeding for the reason that notice of the time and place of hearing of the probate of the decedent's will were not mailed to the heirs at law of said deceased as required by the Probate Code. An order admitting the will to probate was made and letters testamentary were in fact issued, and we do not think the question as to whether or not the will was properly admitted to probate is a jurisdictional question in this proceeding. (See *Estate of Friedman*, 178 Cal. 27, 38 [172 P. 140].) Moreover, respondent is in no position to raise this question for the following reasons: In her petition to determine heirship, respondent alleged that the will was admitted to probate, that letters testamentary were issued, and that the executor "now is the duly appointed,

qualified and acting executor of the last will and testament of said decedent." Respondent not only invoked the jurisdiction of the court, but appeared and submitted to its jurisdiction and attempted to establish her claim of heirship. Under such circumstances she waived all objections to the jurisdiction of the trial court. (*Estate of Friedman, supra.*)

Respondent urges that a basis for affirming the order granting a new trial is that the court erred in taking extrinsic evidence as to the name testator used in referring to his daughter. ■ It is urged that under Probate Code, section 90, referring to pretermitted heirs, extrinsic evidence is not allowed to establish whether or not the testator intentionally omitted the name of the claimant. While this is a correct statement of the law it has no application to the evidence taken here. The question before the court was not whether there had been an intentional omission but whether there had been an omission at all. Here there was a latent ambiguity as to the identity of the person named in the will as Margie Johnson. ■ Extrinsic evidence is permissible to resolve latent ambiguities so long as such extrinsic evidence does not include oral declarations of the testator as to his intent. (Prob. Code, § 105; *Estate of Watts*, 186 Cal. 102, 105 [198 P. 1036].) ■ While the testimony as to what testator called his daughter is evidence of an oral declaration by the testator, it does not fall within the prohibition of section 105 of the Probate Code inasmuch as it is not a declaration of intent. (*Estate of Brisacher*, 27 Cal.App.2d 327, 331 [80 P.2d 1033].) We conclude that there was no error in taking extrinsic evidence as to the identity of Margie Johnson and thus this could not have been a ground for granting a new trial.

The motion for new trial on the ground of newly discovered evidence was supported by affidavits of attorney Hawkins, Marguerite Nessel Johnson, Mauritz Johnson (Marguerite's husband) and Maude B. Hill, a secretary in the office of the law firm of Hawkins and Hawkins. The newly discovered evidence consisted of a copy of a prior will of the decedent which was in the files of Marguerite's attorney's office, testimony by Marguerite's husband as to the name testator used in referring to Marguerite and phone listings in Santa Cruz and San Francisco, which show three different "Margie Johnsons." ■ As stated in *Slemons* v. *Paterson*, 14 Cal.2d 612, 615-616 [96 P.2d 125]:

"While the granting or denial of a motion for a new trial upon the ground of newly discovered evidence is generally a

matter within the discretion of the trial court, and such an order will be affirmed unless a clear abuse of discretion is shown, this rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such discretion.''

Nor do we feel that the respondent made a showing that she had exercised reasonable diligence to discover the evidence upon which she relies prior to the trial. ██ In *Pierce* v. *Nash*, 126 Cal.App.2d 606, 620 [272 P.2d 938], the court said:

'' . . . On the hearing of the motion for a new trial, it is incumbent on the moving party to show that he has exercised reasonable diligence to discover before the trial the evidence upon which he relies. [Citing cases.] ██ A motion for a new trial will be denied where the evidence might have been produced by the exercise of reasonable diligence, or where the moving party has not shown due diligence in discovering and producing it, or where no reason is shown why the evidence might not, with reasonable diligence, have been discovered and produced.''

██ In the instant case respondent's attorney knew of the prior will. Marguerite's husband, with whom she was living, could have been produced at the trial, and as to the phone listings in Santa Cruz the telephone books and directories were just as available prior to the trial as they were at the time of the making of the motion for a new trial. There is no showing that respondent made any effort at all to discover this evidence before the trial; hence there was insufficient showing for the granting of the motion on that ground.

As to the insufficiency of the evidence, the court, as heretofore stated, did not indicate any ground upon which the motion was granted. Section 657 of the Code of Civil Procedure provides that:

''When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk . . . otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground.''

Concerning irregularities in the proceeding: The attorney for appellants purported to appear for ''those taking under the will.'' Other than the answer filed by Earl Nessel, the only document filed by each of those taking under the will in the heirship proceedings was a document entitled, ''Waiver of Notice and Consent to Jurisdiction.'' If this document was

intended to take the place of a statement of claim it in no way complied with the provisions of section 1080 of the Probate Code, which provides, in part:

" . . . Any person may appear and file a written statement setting forth his interest in the estate. No other pleadings are necessary and the allegations of each claimant shall be deemed to be denied by each of the other claimants to the extent that they conflict with any claim of the latter."

■■■ This provision has been construed to mean that a person who seeks to establish his claim to heirship under the provisions of section 1080 of the Probate Code must file a written statement setting forth his interest in the estate. (21 Cal.Jur.2d p. 23.) ■■■ However, we do not believe that in these proceedings such irregularity was a ground for a motion for new trial under the provisions of subdivision 1 of section 657 of the Code of Civil Procedure, but rather a defect in so-called pleadings which respondent should have brought to the attention of the court prior to trial by proper proceedings. Had she done so, this apparent error could have been readily cured by the filing of a proper claim under the provisions of section 1080. Further, even though such defect might be said to be an irregularity within the meaning of section 657, respondent was in no position to urge such error. ■■■ As said in *Gray* v. *Robinson,* 33 Cal.App.2d 177, 183 [91 P.2d 194]:

"It also seems to be the rule that where such irregularity is relied upon, the moving party must show affirmatively that both he and his counsel were ignorant of the facts constituting the irregularity charged until the rendition of the verdict [in the instant case the decision of the court], since it is settled that a party may not remain quiet, taking his chances upon a favorable verdict, and, after a verdict against him, raise a point of which he knew and could have raised during the process of the trial. (*Sherwin* v. *Southern Pac. Co.,* 168 Cal. 722 [145 P. 92].)"

For the reasons stated we conclude that the trial court abused its discretion in granting the motion for a new trial.

The order granting respondent's motion for a new trial is reversed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 1, 1958, and respondent's petition for a hearing by the Supreme Court was denied December 30, 1958.