[No. 39371.    Department Two.    May 23, 1968.]

In the Matter of the Estate of BENJAMIN W. HAMILTON, Deceased.
SHIRLEY McGUIRE HAMILTON, Appellant, v. MARILYN J. HAMILTON BURROWES et al., Respondents and Cross-appellants.*

Palmer, Willis & McArdle, Charles O. Shoemaker, Jr., and Robert J. Willis, for appellant.

William H. Mays and Gavin, Robinson, Kendrick, Redman & Mays, for respondents and cross-appellants.

*Reported in 441 P.2d 768.

HUNTER, J.—This is an appeal from a judgment entered by the trial court, in a probate proceeding, which determined that the appellant, Shirley McGuire Hamilton, was not a pretermitted heir under RCW 11.12.090; and a cross-appeal from the court's allowance of attorney's fees.

The testator, Benjamin W. Hamilton, executed his will on January 22, 1949. He bequeathed $1 to his wife, Hallie E. Hamilton, $1 "to my step daughter Shirley McGuire Hamilton," and $1 "to my step son, Donald L. Swisher," and all the rest and residue of his property to his daughter and son, Marilyn J. Hamilton Burrowes and James L. Hamilton (respondents).

The testator's first wife, Verna, died in 1947. During that marriage the testator adopted two children, Marilyn and James, the respondents. The testator married Hallie E. McGuire in 1948. The appellant, who was then 5 years old, and Donald L. Swisher were at that time the children of Hallie E. McGuire. The appellant lived in the Hamilton home continuously until the testator's death in 1963, except for a 4-month period when she attended college.

In 1953 the testator formally adopted Shirley M. Hamilton as his child. He treated her, the record indicates, as a daughter; and displayed affection for her. The trial court found that "[t]he relationship between the decedent, Benjamin W. Hamilton and Shirley McGuire Hamilton was a normal father-daughter relationship with each having real love and affection for the other."

The respondents filed objections to the final accounting proposed by the co-executors, Hallie E. Hamilton and the National Bank of Washington, alleging that certain items were incorrect, and alleging in particular that Shirley McGuire Hamilton was not entitled to share in the estate as a pretermitted heir under RCW 11.12.090. After a hearing, the trial court disallowed certain items in the proposed final accounting, and found that "Shirley McGuire Hamilton was not a pretermitted heir of the decedent within the terms of R.C.W. 11.12.090" because she had been named in the will. Shirley M. Hamilton appeals from that portion of the court's judgment concerning her status as a pretermit-

ted heir. The respondents cross-appeal from the allowance made by the trial court for attorney fees under RCW 11.76.070, on the ground that the amount was too small in relation to the services rendered in contesting the proposed final accounting.

The pretermitted heir statute, RCW 11.12.090, reads as follows:

> *Intestacy as to pretermitted children.* If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part.

It is settled law in this state that an adopted child is a "child" for the purposes of the above statute. *In re Hebb's Estate*, 134 Wash. 424, 235 Pac. 974 (1925). RCW 26.32.140 provides that the decree of adoption entitles the adopted child to "all rights and privileges, including the right of inheritance" of a natural child. The word "child," in the context of the statute, denotes legal heir.

The appellant contends that she takes under the statute because she is not "named" or "provided for" in the will as a *child*.

■ In construing a will, the paramount consideration is the intention of the testator, and this intention is to be gathered, if possible, from the will itself. *In re Tipp's Estate*, 54 Wn.2d 585, 343 P.2d 566 (1959). See RCW 11.12.230. The testator's intention is to be determined as of the date of execution of the will. *In re Drown's Estate*, 60 Wn.2d 110, 372 P.2d 196 (1962).

■ At the time the will in this case was executed, Shirley M. Hamilton was not a "child" of the testator, in the sense that the word "child" is used in RCW 11.12.090. She had no legal rights as an heir. There is nothing in the

will, nor in the record before us, that suggests that the testator contemplated adopting Shirley M. Hamilton 4 years after the execution of this will. Thus, when the testator made a bequest of $1 to "my step daughter, Shirley McGuire Hamilton," we must conclude that the testator intended to refer to her only as a stepdaughter, and not as a child. Therefore, the testator's child, Shirley M. Hamilton, was not named or provided for in the will as the statute requires, in order to avoid her being a pretermitted heir. See *In re Guilmartin's Estate*, 156 Misc. 699, 282 N.Y.S. 525 (1935), *aff'd*, 250 App. Div. 762, 293 N.Y.S. 665 (1937), *aff'd mem*, 277 N.Y. 689, 14 N.E.2d 627 (1938); *In re Reed's Estate*, 19 N.J. Super. 387, 88 A.2d 690 (1952).

We hold that Shirley M. Hamilton is entitled to share in the estate of Benjamin W. Hamilton as a pretermitted heir under RCW 11.12.090.

The respondents, and the trial court in its memorandum opinion, rely on the case of *In re Steele's Estate*, 45 Wn.2d 58, 273 P.2d 235 (1954). Since that case involved a wife, and not a child, and a statute considerably different from RCW 11.12.090, we do not think that the *Steele* case is applicable.

The respondents, on cross-appeal, contend that the trial court abused its discretion in allowing them only $250 for attorney's fees. The statute, RCW 11.76.070, provides that, in any probate or guardianship proceeding, where

an erroneous account or report shall be rendered by any executor, administrator or guardian and any beneficiary of said trust or other interested party shall be reasonably required to employ legal counsel to resist said account or report as rendered, and . . . the account as rendered shall not be approved, and the said executor, administrator or guardian shall be charged with further liability, the court before which said proceeding is pending may, in its discretion, in addition to statutory costs, enter judgment for a reasonable attorney's fees in favor of the person or persons instituting said proceedings and against said executor, administrator or guardian, . . . .

■ In this case the proposed final accounting was found erroneous in certain respects, and it was therefore

appropriate to charge the executrix with the reasonable attorney's fees attributable to "resist[ing] [the] account . . . as rendered." The respondents argue that the court should properly have considered, in setting the award of attorney's fees, the services rendered by respondents' counsel in contesting the pretermitted heir issue, and also the services attributable to contesting those items in the proposed final account which were found correct and accepted by the court. We disagree. The respondents' counsel is entitled only to compensation for those services which benefited the estate to the extent that the final account was disapproved. The estate should not be charged for services which went only to the potential benefit of individual distributees. *In re Douglas' Estate,* 65 Wn.2d 495, 398 P.2d 7 (1965); *In re Vaughn's Estate,* 149 Wash. 291, 270 Pac. 1030 (1928). We find that the attorney's fees allowed by the trial court, in the exercise of its discretion, was proper and reasonable.

That part of the trial court's judgment finding that Shirley M. Hamilton is not a pretermitted heir under RCW 11.12.090 is reversed. The award of attorney's fees is affirmed. The case is remanded for further proceedings consistent with the views expressed herein.

FINLEY, C. J., HAMILTON and HALE, JJ., and WALTERSKIRCHEN, J. Pro Tem., concur.