John D. Bennett, S.
In this probate proceeding petitioner requests the court to determine the rights of an after-adopted child. The decedent died testate, survived by a wife and after-adopted daughter. Shortly after marrying his wife on November 2, 1968 decedent executed his will on December 12, 1968. His entire estate was left to his wife. However in paragraph thibd he istates: “ In the event that my wife shall predecease me or that we should both die in a common disaster, then and in that event only, I give and bequeath my interest in a house located at 33 Fourth Street, Glen Cove, New York to my brother, john J. stieb. I give, devise and bequeath all the rest, residue and remainder of my Estate of whatsoever nature and wheresoever situate, in equal shares per stirpes, to my step-daughters, e. LOBBAiNE joncs, of 35-40 164th Street, Flushing, New York, marilynn l. jebemenko of 16 Maple Avenue, Glen Cove, New; York, and nancy l. joncs of Springfield Blvd., Kew Gardens, New York. ’ ’
Thereafter in February, 1970 the decedent formally adopted E. Lorraine Jones mentioned above. The question is: Where a person is mentioned or provided for in a will and is subsequently adopted by the testator, does this entitle the adopted person to an intestate share in the estate 1 In a similar case the testator named “ my friend Helen ” as a beneficiary in his will and some years later adopted her. The court concluded that' the will was not drafted with the 'subsequent adoption in mind and that the will provision did not evidence any awareness of the possibility of future children, natural or adopted (Matter *635 of Guilmartin, 156 Misc. 699, affd.. 250 App. Div. 762, affd. 277 N. Y. 689).
In our case at the time of decedent’s marriage to his wife, she had three children from a prior marriage. In his will of December 12, 1968 he specifically refers to them as “my stepdaughters ” and. refers to the child subsequently adopted by him using her natural father’s surname. There is no evidence that the will was drafted with the subsequent adoption in. mind. Also the will provision does not evidence any awareness of future children, natural or adopted.
Accordingly the propounded instrument will be admitted to probate, the after-adopted child being entitled to the benefits conferred by EPTL 5-3.2. A bond will be required of the executor in the amount of the after-adopted child’s intestate share. An affidavit which will aid the court in fixing the amount of such bond is directed to be submitted with the decree.