21298

Georgia D. BROWN, Shelbra D. Freeman and Ila Drake Vassar, Respondents, v. Harris C. DRAKE, Henry B. Drake, Helen D. Chapman Louise D. Burgess, Charlotte D. Stone, Guy E. Drake, William Drake and Margaret Davis Drake, Appellants.

(270 S. E. (2d) 130)

*William L. Watkins* of *Watkins, Vandiver, Kirven, Gable & Gray,* and *F. Smith Pruitt* of *Allen, Pruit & Eakes,* Anderson, *for appellants.*

*Harold R. Lowery and Associates,* Anderson, *for respondents.*

September 10, 1980.

LITTLEJOHN, Justice:

This action for partition of land brings into issue construction of the will of R. A. Drake, Jr. (testator). The question is whether a provision of his will is against public policy. The trial court held the provision void. We reverse.

The testator was twice married. His first wife was Rosa Campbell Drake and to this marriage, which ended in divorce prior to December 9, 1935, were born eight children.

On December 9, 1935 testator married Ila Mae Loftis Drake. To this second marriage were born two children. These two children and the second wife are the plaintiffs herein. It is now conceded that this wife has no cause of action by reason of her remarriage in 1965. It is apparent that the second marriage was an unhappy one resulting in a divorce in 1939. In 1938, while still married to the second wife, testator executed his will, with a provision as follows:

"2. All of my property real personal or mixed I will devise and bequeath unto my children in equal shares, my executor to have 3 appraisers appointed to appraise my property and make the division as nearly equal as possible. If any of my children should be awarded to my present wife, or raised by her after 1 year of age, I will such child the sum of One Dollar. My wife has forfeited her lawful right

to any of my property, and I direct that my executor obtain and prove that she has no right to any of my property."

Testator died in 1967; his estate came to be administered by the Probate Court of Anderson County.

It is the contention of the plaintiffs that this item in the will is void because it is contrary to public policy. The order of the lower court is based on this one issue and that is the only question submitted to this court in this appeal. It has been stipulated that none of the children of the first marriage were "awarded to my present wife or raised by her after 1 year of age." It is also stipulated that the children of the second marriage, who are plaintiffs herein, were ". . . not awarded to anyone in the divorce proceedings, [but] were raised by their mother, Ila Mae Drake 'after 1 year of age'." The ruling of the trial judge was that:

"[T]he provision in the will of R. A. Drake, Jr. which disinherited these two plaintiffs is hereby declared to be null and void and the property of R. A. Drake, Jr. sought to be devised therein is to pass to his heirs at law according to the laws of descent and distribution in effect in the State of South Carolina as of the date of his death."

About 100 years ago this court, speaking through Mr. Justice McGowan, said:

"The law undoubtedly is, that any person of sound mind and of full age may, by his last will and testament, duly executed, dispose of the whole or any part of his estate at his own will and pleasure, except in two or three cases specially mentioned. Our books are full of authority for saying that, for many reasons, it is regarded important to maintain in its full integrity the right which belongs to a testator to dispose of his property as he pleases, provided only his disposition is not in violation of law. . . ." *Magee v. O'Neill,* 19 S. C. 170 (1883).

The exceptions usually referred to incident to this rule of law are that one may not dispose of his property contrary

to constitutional, statutory, or declared case law, and one may not dispose of property contrary to public policy. Examples: One may not dispose of property in violation of the rule against perpetuities, and secondly, one may not require a devisee or legatee, as a condition to inheriting, to divorce a spouse.

The power to dispose of property by will includes the right to attach to testamentary gifts such terms, conditions, or restrictions as the testator pleases, provided they are not contrary to public policy or forbidden by law.

We are not aware of any constitutional, statutory, or case law which the provision under attack violates. We are of the opinion that the same is not violative of the public policy of this state. A will is of no effect until the moment the testator dies. It may be changed from day to day. Normally recipients under a will are completely unaware of the provisions of the will. At the time of the death of the testator involved in this action, the plaintiff-devisees were about 30 years of age, fully emancipated, and could not have been influenced or coerced as a result of the provision of the will. It is obvious that the mother could not have been coerced into giving up her right to rear her own children.

A child has no right to claim an inheritance through a will unless it be established that such was the intent of the testator. If a testator chooses, he may disinherit one or all of his children for any reason satisfactory to him, or for no reason at all. There is a mistaken idea that a testator must leave to a child at least one dollar. In actuality, one dollar is often willed for the sole purpose of indicating that a child has not been overlooked or left out of the will by mistake.

The rule that the provisions of a will must not contravene public policy is easy to state but often difficult to apply. This is true because "public policy" is difficult to define.

In *Weeks v. New York Life Ins. Co.,* 128 S. C. 223, 122 S. E. 586, 35 A. L. R. 1482, this court said:

"Public policy has been aptly described by one of our judges as 'a wide domain of shifting sands.' Gage, J., in *McKendree v. So. States Life Ins. Co.,* 112 S. C. 335, 99 S. E. 806. The term in itself imports something that is uncertain and fluctuating, varying, with the changing economic needs, social customs, and moral aspirations of a people. Story on Contracts (5th Ed.) § 675; 23 A. & E. Ency. (2d Ed.) 456. For that reason it has frequently been said that the expressive (sic) public policy is not susceptible of exact definition. But for purposes of juridical application it may be regarded as well settled that a state has no public policy, properly cognizable by the courts, which is not derived or derivable by clear implication from the established law of the state, as found in its Constitution, statutes, and judicial decisions. *People v. Hawkins,* 157 N. Y. 1, 51 N. E. 257, 42 L. R. A. 490, 68 Am. St. Rep. 736; *Magee v. O'Neill,* 19 S. C. 185, 45 Am. Rep. 765. Hence since, as was well said by Mr. Justice McGowan in *Magee v. O'Neill, supra—*

'It is the duty of the Legislature to make laws and of the court to expound them, * * * the subjects in which the court undertakes to make the law by mere declaration [of public policy] should not be increased in number without the clearest reasons and the most pressing necessity.' "

The question we are called upon to determine is whether it is against public policy for the courts to order carried out the terms of the testator's will subsequent to his death in 1967. The question must be answered in the light of all the surrounding circumstances. Each case must be decided on the basis of its own facts. During the period from 1938 to 1967, the testator could not have been unaware of the fact that the children of his second marriage were reared by their mother. He elected to leave his will intact, indicating a continuing intent to effectually favor children by his

first wife to the exclusion of those by his second wife. To effectuate this continuing intent, the testator might have drawn a new will merely excluding the children of the second marriage without indicating any reason, and if such had happened there could be no serious contest in the construction of his will.

It can be forcefully argued, and with some appeal, that the motive of the testator was obnoxious. The condition may not be held void merely because it may be the offspring of embittered feelings; it may be valid, and neither just nor generous. We are required to respect his right to dispose of property as he chose unless it be concluded that the provision under attack is contrary to public policy. This court should be slow to invalidate the provisions of a will on this ground. Presumably the conditions and restrictions imposed by a testator are valid; certainly there is no presumption of illegality. As indicated hereinabove, public policy is difficult to define. Its meaning should not be warped to satisfy the varying opinions of laymen, lawyers or judges. There is a temptation and tendency on the part of courts to use public policy, public good, due process, and equal protection as vehicles to invade the legislative field. Public policy is basically for the legislature. The court should not, under the facts of this case, interfere with the right of the testator to dispose of his property.

The order of he trial court is reversed and the case is remanded.

Reversed and Remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.