[No. 7819-4-I. Division One. December 15, 1980.]

*In the Matter of the Estate of*
WINNIFRED D. MARSHALL.

896

*Ryan, Swanson, Hendel & Cleveland* and *Jerry Kindinger,* for appellant.

*Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn* and *Richard Turner,* for respondent.

DURHAM, J.—The personal representative of the estate of Winnifred Marshall appeals from an order awarding the assets of the estate to her adopted daughter as a pretermitted heir.

Winnifred Marshall and her husband adopted their adult niece Joann Alice Gaidosh in 1968. In February 1979, Winnifred Marshall prepared a will leaving all of her property to Douglas Woeppel, who had cared for her, stating:

I declare that I am widowed and have no children, natural or adopted. I reside at 16543 Stone Avenue

North, Seattle, Washington. I have a niece, Joanne Gaidosh, who . . . resides in California.

Following Mrs. Marshall's death, her last will and testament was admitted to probate. Her adopted daughter then filed a motion to have the assets of the estate awarded to her as a pretermitted heir. Her motion was granted and the personal representative appeals.

■ Appellant first assigns error to the trial court's decision that adult adoptees are within the scope of the pretermitted heir statute. RCW 11.12.090 states:

> If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will . . . every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator . . . as if he had died intestate . . .

This statute clearly protects adopted as well as natural children. *In re Estate of Hastings*, 88 Wn.2d 788, 790 n.2, 567 P.2d 200 (1977); *In re Estate of Hebb*, 134 Wash. 424, 235 P. 974 (1925); RCW 26.32.140. We find no authority to support the contention that the statute does not apply to adult adoptees. The word child in the context of the pretermitted heir statute refers to legal heir, *see In re Estate of Hamilton*, 73 Wn.2d 865, 441 P.2d 768 (1968), and the age of the child is irrelevant.

■ Appellant next assigns error to the trial court's refusal to consider extrinsic evidence in applying the pretermitted heir statute. In *In re Estate of Hastings, supra* at 793–95, the court discussed the pretermitted heir statute in some detail:

> Whether protecting preexisting or after–born children or both, two types of statutes have been enacted. One is commonly called the Massachusetts type and the other is called the Missouri type. The typical Massachusetts–type statute provides that if the testator omits to provide for any of his children or the issue of a deceased child, such omitted child or issue shall take as though the testator

had died intestate unless it appears that the omission was intentional and not occasioned by accident or mistake. This statute, most common where protection extends beyond after–born to preexisting children, puts the burden on the claimed pretermitted heir to prove that the testator did not intentionally disinherit him. "Intention is the material factor in determining its applicability." Most jurisdictions with Massachusetts–type statutes allow extrinsic evidence to show intentional disinheritance.

On the other hand, the Missouri–type statutes omit all reference to intent and the statutes arbitrarily apply unless the child is named. Under these statutes it is immaterial that the testator intended to disinherit a child or descendants unless there is language in his will indicating his intention.

We are one of a minority of states that, by the terms of our statute, *disregards intent and allows both preexisting and after–born children the presumption of being inadvertently overlooked . . .* Washington is not in either above category, but joins a minority within a minority (five other states) in having a mandatory Missouri–type statute applying to preexisting children and, by the terms of the statute, *with no regard to the testator's intent.*

(Citations omitted. Italics ours; original italics omitted.) In interpreting the pretermitted heir statute, the court in *Hastings* held that extrinsic evidence is not admissible concerning the testator's intent. The court gives weight to the testator's intent, but only as expressed on the face of the instrument. As stated in *In re Hastings, supra* at 795:

[T]his court and the courts of the other five states have attempted to construe the statutes in light of the purpose behind them so as to permit, de facto, the testator's intention to have some weight.

Thus, under the clear holding of *Hastings,* extrinsic evidence was not admissible in determining whether the testatrix intended to disinherit her adopted child.

In any event, even if we agreed that extrinsic evidence is admissible, we hold that any error was harmless. In an affi-

davit the testatrix's attorney recites the circumstances surrounding the preparation of the will, stating in part:

> Being aware of the pretermitted heir possibility, I explained to Mrs. Marshall what a pretermitted heir was and asked if she could remember whether she had adopted Mrs. Gaidosh. She advised me that she did not adopt her while Mrs. Gaidosh was a child even though she had raised her when her parents (Mrs. Marshall's relatives) died. However, she told me that she could not clearly remember current events because of her heart attack and could not assure me, one way or the other, whether she later adopted Mrs. Gaidosh as an adult.
>
> I recommended to her that, to make it clear that she had thought about a disposition to Mrs. Gaidosh at the time she executed the new Will, she should add Mrs. Gaidosh's *name* to the Last Will, with at least a reference to the niece relationship she could remember. Upon Mrs. Marshall's direction, I then added to Article 1 the following printed words:
>
> "I have a niece, Joanne Gaidosh, who resides in California."
>
> Mrs. Marshall spelled the name for me in response to my request therefor. This addition was done *prior* to the time any signature was placed on the Last Will.

This affidavit merely confirms what is apparent from the face of the will, *i.e.*, that the testatrix could not recall whether she had adopted Mrs. Gaidosh. The affidavit does not resolve the question of whether the testatrix would have disinherited her niece if she had remembered that the niece had in fact been adopted.

Finally, appellant contends that the trial court erred in concluding that Mrs. Gaidosh, who is named in the will as a niece but who in fact had been adopted, is a pretermitted heir.

Under RCW 11.12.090 a child is deemed pretermitted if not "named or provided for" in the will. Although the adopted child was not provided for, we must still determine if she was *named* in the will. The testatrix stated in the will that: "I have a niece, Joanne Gaidosh, who . . . resides in

California." The personal representative contends that since the niece was named in the will the pretermitted heir statute was satisfied.

The adopted niece argues, on the other hand, that she was not named in the will as a child and therefore her disinheritance was inadvertent and she should be protected by the pretermitted heir statute. She relies upon *In re Estate of Hamilton, supra* at 866, where the testator gave "$1 'to my step daughter Shirley McGuire Hamilton,' and $1 'to my step son, Donald L. Swisher'". After the will was executed, the testator formally adopted Hamilton. In resolving the issue of whether Hamilton was a pretermitted heir, the court in *In re Estate of Hamilton, supra,* stated at 867–68:

> At the time the will in this case was executed, Shirley M. Hamilton was not a "child" of the testator, in the sense that the word "child" is used in RCW 11.12.090. She had no legal rights as an heir. There is nothing in the will, nor in the record before us, that suggests that the testator contemplated adopting Shirley M. Hamilton 4 years after the execution of this will. Thus, when the testator made a bequest of $1 to "my step daughter, Shirley McGuire Hamilton," we must conclude that the testator intended to refer to her only as a stepdaughter, and not as a child.

In applying *In re Estate of Hamilton, supra,* to the facts of this case, we believe that Joann Gaidosh, although named as a niece, was not named as a child, and therefore any disinheritance is deemed inadvertent and unintentional. Because the testatrix made the erroneous statement in her will that she had no children, adopted or natural, it is unclear whether she would have disinherited her niece if she had remembered that the niece had been adopted. Under these circumstances the naming of Joann Gaidosh as a niece cannot be interpreted as an intentional disinheritance.

Affirmed.

CALLOW, C.J., and RINGOLD, J., concur.

Reconsideration denied January 12, 1981.

Review granted by Supreme Court April 23, 1981.