[No. 11165-5-I.   Division One.   April 9, 1984.]

*In the Matter of the Estate of*
LAWRENCE BOUCHAT.

FRANKLIN BOUCHAT, ET AL, *Appellants,* v. LAWRENCE
BOUCHAT, *Respondent.*

*Orvin H. Messegee* and *Jeremiah M. McCormick,* for
appellants.

*Short & Cressman* and *Carl B. Goodwin, Jr.,* for respon-
dent.

WILLIAMS, J.—The controversy in this case concerns the
final affairs of an elderly gentleman, Lawrence Bouchat,

now deceased. When Mr. Bouchat died and his will was admitted to probate his two children, Franklin Bouchat and Lilly Stegelvik, moved the court to declare them pretermitted heirs. Alternatively, Franklin and Lilly contended that Mr. Bouchat was incompetent at the time he executed his will. The trial court ruled in favor of Mr. Bouchat's estate on each claim.

The facts are not in dispute. Franklin and Lilly are Mr. Bouchat's natural–born children. They and the decedent became estranged in the 1930's when Mr. Bouchat divorced his wife, the children's mother. There was no contact between the children and their father during the 40 years preceding his death.

Mr. Bouchat's will provides, in part:

II

CHILDREN

I declare that I have no children now living.

My wife, now deceased, had two children by a prior marriage whose present whereabouts are unknown and from whom I have received no communications of any kind in over twenty years. These two children were formerly known by the names of Franklin Bouchat and Lilly Bouchat. . . .

V

BEQUEST AND DEVISE OF ESTATE

I give, devise and bequeath my entire estate to RAYMOND O. TAME of Seattle, Washington.

I direct that Franklin Bouchat and Lilly Bouchat shall receive nothing from my estate.

■ The first question is whether the trial court erred by ruling that Franklin and Lilly are not pretermitted heirs. RCW 11.12.090 provides:

Intestacy as to pretermitted children. If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as

if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part.

The purpose of this statute "is to provide against the disinheritance of a child or children of the testator through inadvertence or oversight." *In re Estate of Hastings,* 88 Wn.2d 788, 792, 567 P.2d 200 (1977).

[I]n applying this statute, as in other connections, the intention of the testator, when made clearly apparent on the face of the will, must prevail.

*Gehlen v. Gehlen,* 77 Wash. 17, 24, 137 P. 312 (1913).

Mr. Bouchat's intention is made clearly apparent on the face of his will, which provides "I direct that Franklin Bouchat and Lilly Bouchat shall receive nothing from my estate." Mr. Bouchat's desire to disinherit Franklin and Lilly could not have been stated more explicitly. Because their disinheritance was not the result of inadvertence or oversight, they are not pretermitted heirs. Mr. Bouchat's will must be given effect.[1] *In re Estate of Hastings, supra; Gehlen v. Gehlen, supra.*

█ The second question is whether the trial court erred

---

[1]Notwithstanding the express language of paragraph V of the will, Franklin and Lilly contend that they are pretermitted heirs because in paragraph II they are erroneously categorized as Mr. Bouchat's stepchildren, rather than as his natural-born children. Franklin and Lilly argue that *In re Estate of Marshall,* 27 Wn. App. 895, 621 P.2d 187 (1980) established a per se rule that any child who is not named in the will *as a child* is pretermitted.

*Marshall* established no such rule. In that case, the fact that an elderly, sickly woman's adopted child was erroneously referred to in the will as a niece was cited as one indicia of the child's pretermitted status. That the adopted child was not explicitly disinherited was another indicia. The court's reasoning was stated as follows:

Because the testatrix made the erroneous statement in her will that she had no children, adopted or natural, it is unclear whether she would have disinherited her niece if she had remembered that the niece had been adopted. Under these circumstances the naming of [the adopted child] as a niece cannot be interpreted as an intentional disinheritance.

*Marshall,* at 900.

*Marshall* did not establish an inflexible rule that children must be named *as children* in a will or else be deemed pretermitted. Rather, *Marshall* was simply another in a long line of cases which resolved this question by attempting to discern the intent of the testator.

by ruling that Mr. Bouchat was competent to execute his will. Appellants claim that he was not competent because he did not recognize them as the natural objects of his bounty.

> The right to dispose of one's property by will is not only a valuable right, but one assured by law. *In re Phillip's Estate,* 193 Wash. 194, 74 P. (2d) 1015; *Dean v. Jordan,* 194 Wash. 661, 79 P. (2d) 331. The rule in regard to testamentary capacity is that the testator must have sufficient mind and memory to intelligently understand the nature of the business in which he is engaged, to comprehend generally the nature and extent of the property which constitutes his estate and which he intends to dispose of, and to recollect the objects of his bounty. *In re Larsen's Estate,* 191 Wash. 257, 71 P. (2d) 47; *Dean v. Jordan, supra.*
>
> Where a will, rational on its face, is shown to have been executed in legal form, the law presumes testamentary capacity in the testator, and that the will speaks his wishes. *In re Hanson's Estate,* 87 Wash. 113, 151 Pac. 264; *In re Riley's Estate,* 163 Wash. 119, 300 Pac. 159. In order to overcome a will, the evidence must be cogent and convincing. *In re Johanson's Estate,* 178 Wash. 628, 35 P. (2d) 52.

*In re Estate of Schafer,* 8 Wn.2d 517, 519–20, 113 P.2d 41 (1941). *Accord, In re Estate of Reilly,* 78 Wn.2d 623, 646, 479 P.2d 1 (1970).

> Whether a will is natural or unnatural is a question to be determined in each case as warranted by the facts. Mental incapacity on the part of a testator is not presumed on the theory that it was unnatural and unreasonable to execute a will giving all property to a stranger and cutting off one's kin. In the determination of the question what is unjust or unnatural, the history of the testator's family is to be considered and the moral equities and obligations appearing therefrom. A will is unnatural when it is contrary to what the testator, from his known views, feelings, and intentions would have been expected to make. If the will is in accordance with such views, it is not unnatural however much it may differ from ordinary actions of men in similar circumstances.

*In re Estate of Miller,* 10 Wn.2d 258, 267, 116 P.2d 526 (1941).

At trial, the parties stipulated that the following facts were true.

1. On May 13, 1976, Mr. Lawrence Bouchat executed the Will which is currently being challenged by Franklin Bouchat and Lilly Bouchat Stegelvik (hereinafter "Petitioners").

2. This Will was executed according to all formalities that Washington law requires in order to make a valid testamentary disposition of property, except that decedent did not recognize the Petitioners as his natural born children.

3. According to witnesses present at the time he executed this Will, Mr. Bouchat possessed the testamentary capacity to execute a Will.

4. In this Will, Mr. Bouchat declared that he had no children who were living at the time the Will was executed; in fact, Petitioners are the children of Lawrence Bouchat and were living at the time the disputed Will was executed.

5. Prior to May 13, 1976 Will, Mr. Bouchat executed three other Wills which were dated February 28, 1975, April 11, 1973, and February 8, 1972, copies of which are attached hereto as Exhibits A, B and C, and which are incorporated herein by this reference.

6. Petitioners had neither seen nor spoken to their father during the 40 years preceding his death, although both children lived within relatively close proximity to the decedent (both the decedent and Mrs. Stegelvik lived in North Seattle; Mr. Franklin Bouchat lived in Snohomish County) during this time.

The trial court entered the following findings of fact:

The decedent Lawrence Bouchat was competent to make a Will on April of 1976.

Finding of fact 1.

In bequeathing his entire estate to Raymond O. Tame, the decedent Lawrence Bouchat recognized the natural object of his bounty—his benefactor and long time friend. By disinheriting his natural born children, the petitioners herein, he merely reflected the fact that he

had not seen or heard from them in approximately 40 years.

Finding of fact 2.

The mislabeling of the petitioners as not being the natural children of the decedent, but being the children of his former wife by a prior marriage, merely reflects the fact that the decedent had not had any contact with his children for over 40 years, and did not think of them as "his" children. He clearly recognized who they were, particularly in light of the previous Wills which he executed, even though he mislabeled them as not being his natural children in his last Will.

Finding of fact 3.

All appellants proved was that, in his will, Mr. Bouchat mislabeled them as his stepchildren and refused to leave them property. The trial court correctly ruled that this did not constitute the "clear, cogent, and convincing evidence" necessary to prove incompetence. *In re Estate of Reilly, supra; In re Estate of Schafer, supra.*

Affirmed.

DURHAM, C.J., and SODERLAND, J. Pro Tem., concur.