[No. 6456–1–II.  Division Two.  June 25, 1984.]

*In the Matter of the Estate of*
BEATRICE DAVIDSON.

*James V. Handmacher,* for appellant.

*Earl Mann,* for respondent.

WORSWICK, A.C.J.—The personal representative of the estate of Beatrice Davidson appeals a summary judgment which determined that Earl Davidson was a pretermitted heir under Beatrice' will, and thus entitled to inherit by intestacy. We reverse, holding that Earl was not a pretermitted heir.

Ethel Barton was Earl's natural mother. Ethel married

Charles Davidson in 1919; she died in 1924. Charles married Beatrice in 1925. Charles and Beatrice had no natural children; they adopted Earl in 1935. Beatrice executed the challenged will in July 1981 and died about a month later. Earl contested the will on multiple grounds, one of which was that he was a pretermitted heir. Both parties moved for summary judgment on this issue. Earl prevailed and was awarded the entire estate. *See* RCW 11.04.015.[1]

RCW 11.12.090 provides:

> Intestacy as to pretermitted children. If any person make his last will and die leaving a child or children or descendants of such child or children *not named or provided for* in such will, . . . every such testator, as to such child or children *not named or provided for,* shall be deemed to die intestate, . . .

(Italics ours.) The statute is crystal clear: a will must name a child *or* it must provide for a child (one or the other, but not both). Only if it does neither does that child inherit by intestacy.

Beatrice' will provides, in relevant part:

I.

I hereby declare that I am a widow and that I have no children or deceased children and that EARL R. DAVIDSON is the son of my deceased husband.

II.

On October 24, 1956, my deceased husband, CHARLES F. DAVIDSON, and I entered into a trust agreement, naming the National Bank of Washington at Tacoma, Washington, as trustee, the successor to which bank is now the First Interstate Bank. In the event that at the time of my death there are any funds or assets remaining in said trust, I give, devise and bequeath the same to the son of my beloved deceased husband, EARL R. DAVIDSON, all assets remaining in said trust. In the event no assets remain, I leave nothing to said EARL R. DAVIDSON.

There was, in fact, nearly $8,000 in the trust at Beatrice' death. Thus, Earl was named (albeit incorrectly identified)

---

[1] James Parrott, the personal representative, was Beatrice' nephew and was the residuary beneficiary under her will.

*and* was most definitely provided for. He was not pretermitted.

The cases cited by counsel for Earl do not require a different result. *In re Estate of Hamilton,* 73 Wn.2d 865, 441 P.2d 768 (1968), upon which Earl principally relies, is readily distinguishable. The contesting child, one Shirley McGuire Hamilton, was named in the will but identified as the testator's stepdaughter. This was correct when the will was made. Thereafter, however, the testator adopted her but did not change his will. The will left her $1 as a nominal bequest. Thus, it did not provide for her, as a nominal bequest can hardly be considered a "beneficial provision which vests directly and absolutely in the child and becomes legally available." *In re Estate of Ridgway,* 33 Wn.2d 249, 254, 205 P.2d 360 (1949); *In re Estate of Johnson,* 379 P.2d 824 (Wyo. 1963); *see also Achelis v. Musgrove,* 212 Ala. 47, 101 So. 670 (1924); *In re Estate of Bank,* 248 Cal. App. 2d 429, 56 Cal. Rptr. 559 (1967); *Stebbins v. Stebbins,* 94 Mich. 304, 54 N.W. 159 (1892); *Grace v. Hildebrandt,* 110 Okla. 181, 237 P. 98 (1925); *Brown v. Drake,* 275 S.C. 299, 270 S.E.2d 130 (1980). The court concerned itself exclusively with the manner in which the daughter was identified in the will. It concluded that, because of the testator's failure to change his will to reflect the adoption, the misidentification must have been inadvertent, and *because the daughter had not been provided for,* she was pretermitted. *In re Estate of Marshall,* 27 Wn. App. 895, 621 P.2d 187 (1980), also relied on by Earl, has virtually the identical fact pattern of *In re Estate of Hamilton.* The *Marshall* court recognized the same point about *Hamilton* we have noted when it said: "Although the adopted child *was not provided for,* we must still determine if she was *named* in the will." *Marshall,* 27 Wn. App. at 899. (First italics ours.) It is apparent that the *Marshall* court also concluded, as we do, that the $1 bequest in *Hamilton* was considered a disinheritance.

The purpose of RCW 11.12.090 is to prevent the inadvertent or unintentional disinheritance of a child. *In re*

*Estate of Hastings,* 88 Wn.2d 788, 567 P.2d 200 (1977). Therefore, where, as in *Hamilton* and *Marshall,* there has been a disinheritance, it is entirely appropriate to analyze the "naming" language to determine the testator's intent. *See In re Estate of Harper,* 168 Wash. 98, 10 P.2d 991 (1932); *In re Estate of Bouchat,* 37 Wn. App. 304, 679 P.2d 426 (1984). However, where, as here, provision has been made for the child, such analysis is unnecessary and is inappropriate under the statute.

Reversed.

PETRIE and REED, JJ., concur.

Review denied by Supreme Court October 18, 1984.