Alma OZUNA, Appellant,

v.

WELLS FARGO BANK, N.A., as Independent Executor of the Estate of Jack Gideon Putnam, Deceased; Delia F. Commander, Winifred McNeely, Jeanne C. Putnam, Gerald R. Anderson, Nicolas S. Lopez, and Craig L. Leslie, Ad Litem for Unknown Heirs, Appellees.

No. 04–02–00627–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 27, 2003.

Rehearing Overruled Sept. 22, 2003.

Douglas E. Dilley, Royal K. Griffin and Steven P. Redgate, Sr., San Antonio, for Appellant.

Michael Childers, Attorney At Law, M. Scott Stehling, Thomas S. Terrell, Attorney At Law, Craig L. Leslie, Attorney At Law, Kerrville, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

**OPINION**

Opinion by SARAH B. DUNCAN, Justice.

The issue on appeal is whether an adult child adopted after execution of a will nam-

ing her as the beneficiary of a specific bequest is a pretermitted child for purposes of section 67(a) of the Texas Probate Code. We hold she is not and therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The material facts are undisputed. On May 26, 2000, Jack Gideon Putnam executed his Last Will and Testament. In his will, Putnam made specific bequests of varying amounts to nine related and unrelated persons; in the single largest bequest, Putnam's will made a specific bequest of $100,000 to Alma Ozuna. At the time, Ozuna and Putnam were not related. However, on October 31, 2000, Putnam adopted Ozuna in an adult adoption proceeding. Putnam did not revoke or change his will before he died on June 14, 2001.

On July 19, 2001, Putnam's executor, Wells Fargo Bank, filed an application to probate Putnam's will. Ozuna filed a contest and an application for letters of administration as Putnam's pretermitted child and heir. The parties filed cross-motions for summary judgment. The trial court ruled that Ozuna was not Putnam's pretermitted child for purposes of section 67(a) of the Texas Probate Code, granted the Bank's motion, and denied Ozuna's motion. Ozuna appealed.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a Rule 166a(c) summary judgment only if the summary judgment record establishes there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop.*

*Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review questions of law de novo. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

### DISCUSSION

Ozuna argues she is Putnam's pretermitted child for purposes of section 67(a) of the Texas Probate Code because she was adopted after the execution of Putnam's will. We disagree.

A "pretermitted child," as used in section 67 of the Texas Probate Code, "means a child of a testator who, during the lifetime of the testator, or after his death, is born or adopted after the execution of the will of the testator." TEX. PROB.CODE ANN. § 67(c) (Vernon Supp.2002). A pretermitted child "succeed[s] to a portion of the testator's estate as provided by Subsection (a)(1) or (a)(2)" of section 67 of the Texas Probate Code "[w]henever [the] pretermitted child is not mentioned in the testator's will, provided for in the testator's will, or otherwise provided for by the testator." *Id.* at § 67(a). "For the purposes of [section 67], a child is provided for or a provision is made for a child if a disposition of property to or for the benefit of the pretermitted child, whether vested or contingent, is made ... in the testator's will...." *Id.* at § 67(d)(1).

It is undisputed that Ozuna was adopted after Putnam's executed his will; and Putnam's will makes a disposition of property to Ozuna. Therefore, even if we assume Ozuna is Putnam's pretermitted child, the plain terms of section 67(d) preclude Ozuna from succeeding to a portion of Putnam's estate as Putnam's pretermitted child under section 67(a). Relying on cases from other jurisdictions, however, Ozuna argues that we should interpret section 67 to permit Ozuna's succession to a portion of Putnam's estate as a pretermitted child because Putnam's will does not

provide for her *"as a child."* *Brown v. Crawford,* 699 P.2d 162 (Okla.Ct.App. 1984); *see, e.g.,* *In re Estate of Turkington,* 147 Cal.App.3d 590, 195 Cal.Rptr. 178 (1983); *In re Will of Stier,* 74 Misc.2d 634, 345 N.Y.S.2d 913 (N.Y.Sur.Ct.1973); *In re Estate of Hamilton,* 73 Wash.2d 865, 441 P.2d 768 (1968). However, the Bank has provided us with authority dictating the opposite result;[1] and, as the attorney ad litem points out, none of the cases cited by Ozuna involve or even mention a statutory scheme that contains a provision similar to section 67(d), which expressly states that a child who receives a bequest is "provided for" for purposes of section 67(a). Under these circumstances, we hold Ozuna is not a pretermitted child entitled to succeed to a portion of Putnam's estate pursuant to section 67(a) of the Texas Probate Code as a matter of law and therefore affirm the trial court's judgment.

---

**1.** *See Davis v. Davis,* 278 Md. 534, 365 A.2d 1004 (1976); *In re Nessel's Estate,* 164 Cal. App.2d 798, 331 P.2d 205 (1958).